**WM. BARNES HALL, Incorporated,**
**a body corporate,**

v.

**The FLINTKOTE COMPANY, a**
**body corporate.**

**Civ. No. 8696.**

United States District Court
D. Maryland, Civil Division.
March 14, 1956.

J. Purdon Wright and William H. Zimmerman, Baltimore, Md., for plaintiff.

W. Lee Harrison, Towson, Md., and Richard C. Murray, Baltimore, Md., for defendant.

THOMSEN, Chief Judge.

The only question seriously at issue on defendant's motion to dismiss is whether defendant, a Massachusetts corporation, was doing business in Maryland within the meaning of Art. 23, sec. 88(a) of the Annotated Code of Maryland, 1951 ed., which provides:

"Every foreign corporation doing intrastate or interstate or foreign business in this State shall be subject to suit in this State by a resident of this State or a person who has a usual place of business in this State, (1) on any cause of action arising out of such business, and (2) on any cause of action arising outside of this State."

The complaint filed by plaintiff, a Maryland corporation, engaged in residential construction, is based on the alleged breach of express and implied warranties in connection with asbestos siding manufactured by defendant and "sold to the plaintiff by the agents and salesmen of the defendant, the Flintkote Company, through the Central Building Supply, Inc.". Testimony was taken at the hearing on the motion to dismiss, and a number of exhibits were filed, from which I find the following facts.

Flintkote manufactures roofing materials, asbestos siding and other building materials at a number of plants throughout the country, none of which are in Maryland. It has had no warehouse in Maryland for some years. It distributes many but not all of its products in the Baltimore area through Central Building Supply, Inc., a distributor of wholesale building materials, located at 210 E. Monument St., in Baltimore, which also handles products for Masonite, U. S. Gypsum, and others.

Flintkote employs two sales. representatives in the Baltimore area, to whom it furnishes letterheads and business cards. Each card carries the words "The Flintkote Company" in large type in the center, with the words "Building Materials Division" below. The four corners contain, respectively, the Flintkote trademark, the representative's name and the title "Sales Representative", the representative's home address in Baltimore, and two telephone numbers, of which one is the representative's home telephone and the other is the switchboard num-

ber of Central Building Supply, though that company's name does not appear on the card.

There are a number of desks at 210 East Monument Street which are used by the representatives of Flintkote, Masonite, U. S. Gypsum, and others; employees of Central Building Supply answer telephone calls for any of those companies and their representatives. The following box advertisement appears in the yellow pages of the Baltimore telephone directory:

Flintkote Materials..........
Asphalt Shingles
Asbestos & Insulated Siding
Insulation Board Products
Fiberglas Building { Trade- }
    Insulation      { Mark  }
Static Emulsions
Cold Process Roofs
Built-Up Roofing
"For Information Call"
Flintkote Co The
    210 E. Monument-LExington 9–3810

The manner in which orders are placed with Flintkote depends upon the nature of the product and the particular Flintkote plant involved. Some orders are given to Central Building Supply; others are taken by defendant's sales representatives and telephoned by them to the Flintkote plant which produces the particular material. In many cases where orders are taken by one of the sales representatives, Flintkote ships directly to the builder or other customer. Most but not all of such orders are billed by Flintkote to Central Building Supply, and by Central Building Supply to the customer. Some products are billed by Flintkote direct. The sales representatives have the right to accept without factory approval orders for certain products from certain customers; but they give Central Building Supply the opportunity to disapprove the credit risk when the products are distributed through and billed by that company.

In addition to soliciting and accepting orders, the sales representatives in the Baltimore area also "service" customers, and promote the use of Flintkote's products in various ways, including demonstrating the products and their application privately and at public demonstrations conducted by Central Building Supply. The sales representatives visit jobs where Flintkote's asbestos siding is being applied to new sheathing, in order to see that it is being applied properly according to a new method developed by Flintkote. The sales representatives also make roofing inspections on behalf of Flintkote. Various roofers are authorized to install roofs which will be guaranteed by a bond furnished by Flintkote, as principal, and National Surety Corporation, as surety. The sales representatives make the inspections to be sure the work has been done in such manner that Flintkote will be willing to execute the bond.

The foregoing facts show not mere solicitation of business, but "solicitation plus". The Maryland law and the general law on what constitutes "doing business" were analyzed by Judge Chesnut in Johns v. Bay State Abrasive Products Co., D.C.Md., 89 F.Supp. 654, and by the Court of Appeals of Maryland in the recent cases of Thomas v. Hudson Sales Corp., 204 Md. 450, 105 A.2d 225, and Compania De Astral v. Boston Metals Co., 205 Md. 237, 107 A.2d 357, 108 A.2d 372; they need not be reviewed here. The more recent cases have tended to liberalize the test of what constitutes "doing business" and have held that intrastate activities less substantial than those in the case at bar are sufficient to make a foreign corporation amenable to suit.

The motion to dismiss is hereby overruled.